IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | ) ) ) ) | Civil Action No. _____ |
| Plaintiff, | ) ) ) |  |
| v. | ) ) |  |
| LOCAL 1694, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, | ) ) ) ) |  |
| Defendant. | ) |  |

## COMPLAINT

Plaintiff Eugene Scalia, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483 (the "Act"), for a judgment declaring that the May 7, 2019, election of union officers conducted by Local 1694, International Longshoremen's Association ("Defendant" or "Local 1694"), for the offices of President, Vice President, Recording Secretary, Financial Secretary, Business Agent, three Executive Board Members, and three Auditing Committee Members is void, and directing Defendant to conduct a new election for those offices under Plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this District pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Eugene Scalia is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of New Castle, Delaware, within the jurisdiction of this District.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and (j) and 401(b) of the Act (29 U.S.C. §§ 402(i) and (j) and 481(b)).

7. At the time of the election, Defendant had approximately 200 members employed by three employers within the Port of Wilmington: Gulftainer USA; Murphy Marine Services; and Delaware River Stevedores.

8. Defendant, purporting to act pursuant to its Bylaws and the International's Constitution, conducted an election of officers on May 7, 2019, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

9. By letters dated May 9, 2019, Gary Lewis and Wilbert Harris, members in good standing of Local 1694, protested Defendant's May 7, 2019, election.

10. By letter dated May 13, 2019, Benjamin Wing, a member in good standing of Local 1694, protested Defendant's May 7, 2019, election.

11. By letter dated May 17, 2019, Mahinde Ogungbuyi, a member in good standing of Local 1694, protested Defendant's May 7, 2019, election.

12. By letters dated July 5, 2019, Defendant denied the protests of Lewis, Harris, and Wing.

13. By letters dated July 22, 2019, Lewis, Harris, and Wing appealed the decisions to District Council of Philadelphia/Wilmington.

14. The District Council referred the protests by Lewis, Harris, and Wing to the Atlantic Coast District.

15. On August 28, 2019, the Atlantic Coast District held a hearing addressing the protests filed by Lewis, Harris, and Wing.

16. The Atlantic Coast District did not render a decision after the hearing.

17. On or about September 3, 2019, Ogungbuyi notified Defendant that he had not received a decision regarding his May 17, 2019, protest.

18. By letter dated September 11, 2019, Defendant rendered its decision to deny Ogungbuyi's protest.

19. Pursuant to section 402(a)(2) of the LMRDA, 29 U.S.C. § 482(a)(2), having invoked the remedies available for three calendar months without receiving a final decision, Lewis and Wing filed timely complaints with the Secretary of Labor on August 27, 2019; Harris timely filed a complaint with the Secretary of Labor on September 3, 2019; and Ogungbuyi timely filed a complaint with the Secretary of Labor on September 6, 2019.

20. By letter signed October 24, 2019, Defendant agreed the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election shall be extended to December 6, 2019.

*A. Unlawful application of 24-month rule for candidacy*

21. In 2010, Defendant amended its Bylaws to incorporate a provision, which states in pertinent part, "No person who has been employed as a superintendent, foreman, or assistant foreman within the twenty-four months immediately preceding the nominations meeting shall be eligible to run for office." (hereinafter "the 24-month rule").

22. In its 2010 election, Defendant sent a combined Nominations and Election Notice to its membership, which stated in pertinent part, "If a person who is employed as a superintendent, foreman or assistant foreman is nominated to run for office, he or she shall immediately resign his or her position as superintendent, foreman or assistant foreman to be eligible to run for office."

23. In 2010, Defendant did not include the 24-month rule in its 2010 Election Notice, which was sent to its membership, and waived enforcement of the 24-month rule during its 2010 election.

24. In 2013, Defendant did not include the 24-month rule in its 2013 Election Notice, which was sent to its membership, and waived enforcement of the 24-month rule during its 2013 election.

25. In 2016, Defendant did not include the 24-month rule in its 2016 Election Notice, which was sent to its membership, and waived enforcement of the 24-month rule during its 2016 election.

26. In March 2019, Defendant mailed a combined Notice of Nominations and Election (hereinafter "2019 Notice") to all its members at their last known address.

27. The 2019 Notice included the 24-month rule that had been incorporated in the 2010 Bylaws.

28. Defendant had not enforced the 24-month rule prior to the May 2019 election.

29. Before conducting the 2019 election, Defendant neither requested nor received members' employment records from each of the employers that employ Local 1694 members to determine candidate eligibility based on the 24-month rule.

30. During the 2019 election, Defendant disqualified Gary Lewis, Wilbert Harris, Anthony Sammons, and Benjamin Jeffcoat because of the 24-month rule.

31. During the 2019 election, Defendant deemed Deion Brown, Diane Smith-Wooden, and Rosa Banner eligible to run as candidates for union office despite the fact that all three individuals had been employed as a superintendent, foreman, or assistant foreman within the 24 months immediately preceding the 2019 election.

32. After the election, Defendant determined that Rosa Banner, successful candidate for Executive Board and Auditing Committee, had worked as a foreman in the 24 months preceding nominations, making her ineligible to hold office.

33. Since determining her ineligibility, Defendant has asked Banner to resign.

  B. *Improper application of Section 504 of the LMRDA*

34. In March 2019, Defendant mailed the 2019 Notice to Wing's correct address.

35. On April 16, 2019, Benjamin Wing nominated himself for an Executive Board position at Defendant's nominations meeting.

36. On April 25, 2019, Defendant mailed Wing's nominations acceptance letter to the incorrect address.

37. On the day of the election, May 7, 2019, Defendant advised Wing that it had sent Wing's nominations acceptance letter to the wrong address, which prevented Wing from being able to sign and submit his acceptance to run for an Executive Board position.

38. Having not received Wing's nominations acceptance letter, Defendant in error excluded Wing from the ballot.

39. On July 5, 2019, Defendant responded by letter to Wing's May 13, 2019, protest of the 2019 election by admitting that it had initially deemed Wing eligible to run for office and that it's error in mailing Wing's nominations acceptance letter to his correct address prevented his name from being included on the ballot.

40. Defendant's July 5, 2019, letter, however, denied Wing's protest by making an after-the-fact determination that Wing was ineligible to hold office because Wing had a criminal conviction covered by section 504 of the LMRDA, 29 U.S.C. § 504, that prohibited his eligibility for candidacy.

41. Section 504 of the LMRDA prohibits anyone convicted of certain crimes – including rape, attempted rape, and assault which inflicts grievous bodily injury – from service with a labor organization for thirteen years following the date of the individual's conviction or release from imprisonment, whichever is later.

42. Wing did not have a criminal conviction covered by section 504 of the LMRDA.

6

*C. Plaintiff's Investigation*

43. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaints and, as a result of the facts shown by his investigation, found probable cause that violations of Title IV of the Act, 29 U.S.C. §§ 481-483, occurred that have not been remedied and that may have affected the outcome of the Defendant's May 7, 2019, election.

## CAUSE OF ACTION

44. Section 401(e) of the Act, 29 U.S.C. § 481(e), requires unions to provide a reasonable opportunity for the nomination of candidates and that every member in good standing must be eligible to run for office, subject to 504 and to reasonable qualifications uniformly imposed.

45. Defendant violated section 401(e), in that it improperly applied a candidate qualification rule without providing adequate notice to the membership.

46. Defendant violated section 401(e) by failing to apply the 24-month candidate eligibility rule uniformly.

47. Defendant violated section 401(e), in that it improperly disqualified a candidate under section 504 of the LMRDA.

48. The above violations of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the election for the offices of President, Vice President, Recording Secretary, Financial Secretary, Business Agent, three Executive Board Members, and three Audit Committee Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Defendant's election for the offices of President, Vice President, Recording Secretary, Financial Secretary, Business Agent, three Executive Board Members, and three Audit Committee Members to be void;

(b) directing Defendant to conduct a new election for these offices under the supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    DAVID C. WEISS
    United States Attorney

By: */s/ Jesse S. Wenger*
    Assistant United States Attorney
    1313 N. Market Street
    P.O. Box 2046
    Wilmington, DE 19899-2046
    (302) 573-6277
    jesse.wenger@usdoj.gov

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

JEFFREY LUPARDO
Counsel for Labor-Management and Civil Rights Enforcement

KIESHA N. COCKETT
Attorney

U.S. Department of Labor