IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

  v.

LOCAL 1694, INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION,

    Defendant.

Civil Action No. 1:19-2235-RGA

MEMORANDUM OPINION

David C. Weiss, United States Attorney, Jesse S. Wenger, Assistant United States Attorney, Attorneys for Plaintiff.

Lance Geren, Kathleen Bichner, O'DONOGHUE & O'DONOGHUE, LLP, New Castle, DE, Attorneys for Defendant.

August 4, 2020

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before the Court is Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's Complaint for failure to state a claim. (D.I. 9). Plaintiff initiated this action against Defendant on December 6, 2019. (D.I. 1). Plaintiff alleges Defendant violated § 401(e) of the Labor-Management Reporting and Disclosure Act of 1959. 29 U.S.C. §§ 481-483 (West 2020); (D.I. 1 ¶¶ 1, 45-47). Defendant argues Plaintiff has failed to plead facts sufficient to establish Defendant violated § 401(e). (D.I. 10 at 1). The motion is fully briefed. (D.I. 10; D.I. 12; D.I. 13). For the reasons stated below, the Court denies Defendant's motion to dismiss Plaintiff's Complaint.

I.   BACKGROUND

Plaintiff, the Secretary of Labor, brought this action under Title IV of the Labor-Management Reporting and Disclosure Act (LMRDA). (D.I. 1 ¶ 1). Plaintiff seeks a judgment voiding an election conducted by Defendant, Local 1694, International Longshoremen's Association, and asks the Court to direct Defendant to conduct a new election. (*Id.*). The election in question was held on May 7, 2019 for the offices of President, Vice President, Recording Secretary, Financial Secretary, Business Agent, three Executive Board Members, and three Auditing Committee Members. (*Id.*).

Defendant is a local labor organization with approximately 200 members. (*Id.* at ¶¶ 6-7). Defendant conducted the election pursuant to its by-laws and constitution. (*Id.* at ¶ 8). In 2010 Defendant amended its by-laws to impose a 24-month rule that states: "[no] person who has been employed as a superintendent, foreman, or assistant foreman within the twenty-four months immediately preceding the nominations meeting shall be eligible to run for office." (*Id.* at ¶ 21). Defendant has not enforced this rule in any election until the one in question. (*Id.* at ¶¶ 23-26, 28). During that election, however, Defendant disqualified four candidates based on the 24-month rule.

(*Id*. at ¶ 30). Three other ineligible candidates were not disqualified. (*Id*. at ¶ 31). One ineligible candidate was elected to office and later asked to resign her position after Defendant determined she was ineligible. (*Id*. at ¶¶ 31-33). Two candidates that were disqualified under the 24-month rule submitted letters to Defendant protesting the election. (*Id*. at ¶ 9). These protests were denied, and the candidates appealed these decisions. (*Id*. at ¶¶ 12-13). The appeals were referred to the Atlantic Coast District, which I infer is a regional body of the International Longshoremen's Association, and which had not rendered a decision at the time the Complaint was filed. (*Id*. at ¶¶ 12-13, 14-16).

Another candidate nominated himself for an executive board position and was found to be eligible by Defendant. (*Id*. at ¶¶ 35, 39). Defendant mailed the candidate's nominations acceptance letter to the incorrect address. (*Id*. at ¶ 36). The candidate was then excluded from the ballot for failing to submit his signed nominations acceptance letter. (*Id*. at ¶¶ 37-38). The candidate submitted a letter protesting the election and was informed that, while he was initially deemed eligible, he was in fact ineligible under § 504 of the LMRDA.[1] 29 U.S.C. § 504 (West 2020); (D.I. 1 ¶¶ 10, 39-40). The candidate's protest was denied, he appealed the decision, and the appeal was referred to the Atlantic Coast District, which had not rendered a decision at the time the Complaint was filed. (D.I. 1 ¶¶ 12-13, 14-16).

Two candidates filed timely complaints with the United States Department of Labor after they invoked the available remedies without receiving a final decision within three calendar

---

[1] § 504 prohibits any person "convicted of, or served any part of a prison term resulting from his conviction of, robbery, bribery, extortion, embezzlement, grand larceny, burglary, arson, violation of narcotics laws, murder, rape, assault with intent to kill, assault which inflicts grievous bodily injury" from serving as a "member of any executive board" for "the period of thirteen years after such conviction or after the end of such imprisonment, whichever is later." 29 U.S.C. § 504(a) (West 2020).

months.  29 U.S.C § 482(a)(2) (West 2020);  (D.I. 1 ¶ 19).  Plaintiff investigated the complaints and "found probable cause that violations of Title IV of the Act, 29 U.S.C. §§ 481-483, occurred that have not been remedied and that may have affected the outcome of the Defendant's May 7, 2019, election."  (D.I. 1 ¶ 43).  Plaintiff alleges Defendant violated § 401(e) of the act in three ways: (1) failing to provide proper notice for the 24-month candidate qualification rule; (2) failing to apply the 24-month candidate eligibility rule uniformly; and (3) improperly disqualifying a candidate under § 504.  (*Id*. at ¶¶ 45-47).  Plaintiff seeks a declaratory judgment voiding the results of the election and ordering a new election for the positions of President, Vice President, Recording Secretary, Financial Secretary, Business Agent, three Executive Board Members, and three Audit Committee Members.  (*Id*. at 8).

Defendant's Rule 12(b)(6) motion to dismiss asserts that Plaintiff's allegation that Defendant failed to provide proper notice fails as a matter of law, the 24-month eligibility rule was not intentionally applied nonuniformly, and the candidate was properly disqualified under § 504 of the LMRDA.  (D.I. 10 at 1).  In Plaintiff's opposition to Defendant's motion, Plaintiff reasserts his claims and states the pleadings in the Complaint are sufficient to survive a Rule 12(b)(6) motion.  (D.I. 12 at 1).

II. LEGAL STANDARDS

Rule 8 of the Federal Rules of Civil Procedure requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) allows the defendant to bring a motion to dismiss the claim for failing to meet this standard.  A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the

complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for [an] imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id*. at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

III.   DISCUSSION

A.   **24-month eligibility rule**

Section 401(e) of the LMRDA states: "In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice . . . ." 29 U.S.C. § 481(e) (West 2020). Plaintiff argues that Defendant failed to provide notice of and to uniformly

5

apply an eligibility rule that prohibited members "employed as a superintendent, foreman, or assistant foreman within the twenty-four months immediately preceding the nominations meeting" from being nominated to office. (D.I. 1 ¶¶ 21, 45-46). Defendant argues that it provided adequate notice and the unintentional, nonuniform application of the rule was rectified after the election. (D.I. 10 at 1; *see* D.I. 1 ¶¶ 32-33). The Court finds Plaintiff adequately pled both allegations against Defendant and denies Defendant's Rule 12(b)(6) motion to dismiss the Complaint.

### 1. Inadequate notice

Defendant argues that there was adequate notice of the 24-month eligibility rule because the rule was incorporated into Defendant's by-laws in 2010. (D.I. 10 at 1-2). Defendant argues that "this is clearly not a case where a labor organization enacted a rule too late in time for a chance for compliance before an election or failed to adequately disclose the same to [its] membership." (*Id*. at 6). The Court cannot agree with this conclusion, and finds Plaintiff has sufficiently pled there was not a reasonable opportunity for the Defendant's members to nominate, support and vote for candidates of their choosing. Defendant had not enforced its eligibility rule until the 2019 election, providing members less than three months' notice that the rule would be enforced. (D.I. 1 ¶¶ 26-27, 30). Members would have had to resign their management positions in 2017 to be eligible, and, even as late as 2016, Defendant gave no indication the eligibility requirement would be enforced in subsequent elections. (*Id*. at ¶ 25).

Defendant also argues that failure to enforce the eligibility rule does not mean it relinquished its right to enforce the rule. (D.I. 10 at 6-7). This issue is irrelevant for the purposes of Plaintiff's allegations. Plaintiff does not argue that Defendant could not enforce the eligibility rule, only that it failed to provide adequate notice of its intent to enforce it. Plaintiff has sufficiently pled there was a lack of adequate notice.

6

### 2. Failure to uniformly apply the 24-month eligibility rule

There is no dispute that the 24-month rule was applied nonuniformly. (D.I. 1 ¶ 46; D.I. 10 at 8). The parties dispute whether it matters if the nonuniform application was intentional or unintentional. (D.I. 12 at 12; D.I. 13 at 5-6). Defendant asserts that courts have found that unions violated §401(e) of the LMRDA when they knowingly applied eligibility requirements nonuniformly. (D.I. 13 at 5-6). While this is correct, the cases Defendant cites do not support that proposition that *pleading* knowledge of nonuniformity is required for a plaintiff's §401(e) allegation. Defendant only cites rulings on summary judgment motions, some of which are more applicable to violations of other sections of 401, and none of which state a requisite element of a §401(e) cause of action is knowledge of nonuniform application.[2] The Court cannot find any authority that supports the proposition that knowledge is required for a finding that a union violated the uniformity requirement of §401(e) of the LMRDA. And perhaps that is not surprising, since permitting ineligible candidates to run or prohibiting eligible candidates from running has the same impact on the members' rights whether the non-uniformity is a product of malevolence or incompetence.

---

[2] *Herman v. Local 1695, United Auto., Aerospace & Agric. Implement Workers of Am.*, 111 F. Supp. 2d 602, 609-10 (E.D. Pa. 2000) (finding on a motion for summary judgment that the Secretary of Labor "could reasonably have determined that to hold an election where one of the two candidates was ineligible for the office would deprive union members of a meaningful opportunity to elect a union officer . . . ."); *Herman v. Am. Postal Workers Union, AFL-CIO*, 995 F. Supp. 1, 4 (D.D.C. 1997) (finding on cross motions for summary judgment that the union violated § 401(c) of the LMRDA after knowingly leaving a candidate disqualified under § 504 on the ballot); *DeArment v. Local 563, Laborers Int'l Union of N. Am., AFL-CIO*, 751 F. Supp. 1364, 1366 (D. Minn. 1990) (finding on cross motions for summary judgment that a union violated § 401(c) when it intentionally left a deceased candidate's name on the ballot); *Donovan v. Graphic Arts Int'l Union*, 1984 WL 49068, at *8 (C.D. Ill. Aug. 3, 1984) (finding on a motion for summary judgment the intentions of the union were irrelevant for the purposes of finding the union violated § 401(e)).

Plaintiff has pled the 24-month rule was not applied uniformly, and Defendant concedes the accuracy of this allegation. (D.I. 1 ¶ 30-31; D.I. 10 at 8). The Court finds Plaintiff has sufficiently pled nonuniform application of the 24-month eligibility rule.

### B. Disqualification under § 504

Defendant asserts candidate Benjamin Wing was disqualified under § 504 of the LMRDA because he was convicted of Unlawful Sexual Contact Second Degree on October 2, 2012. (D.I. 10 at 8-9). Defendant asserts this conviction is for an offense colloquially known as statutory rape, and rape is a statutorily-enumerated crime in §504. (*Id*. at 9). Plaintiff argues Mr. Wing's conviction was not a disqualifying conviction under §504 because Mr. Wing's offense was not the functional equivalent of rape, and Mr. Wing's conviction was for an offense that "prohibits a broader set of conduct than generic rape, and as such, the Conviction does not trigger application of Section 504." (D.I. 12 at 15-16).

Defendant responds that "attendant regulations permit labor organizations to adopt stricter standards than those contained in the statute and bar individuals convicted of crimes other than those specified." (D.I. 13 at 7). Defendant then asserts that Plaintiff has failed to show a legal requirement stating the stricter standards for candidacy be "contained within a labor organization's governing documents." (*Id*.). The Court does not understand how this argument is relevant to whether Plaintiff has sufficiently pled Mr. Wing was improperly disqualified under §504. The crime Mr. Wing was convicted of was not enumerated in the statute, but it was used as the basis for his disqualification. (D.I. 1 ¶ 40). Defendant may raise its broader eligibility standards for criminal convictions not enumerated in § 504 as a defense for Mr. Wing's disqualification, but that cannot be the basis for dismissing Plaintiff's Complaint at this stage of the proceedings. Plaintiff has sufficiently pled that Mr. Wing was improperly disqualified under §504.

IV.     CONCLUSION

The Court finds Plaintiff has sufficiently pled the allegations in his Complaint and denies Defendant's Rule 12(b)(6) motion to dismiss.