IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,

    *Plaintiff*,

v.

LOCAL 1694, INTERNATIONAL
LONGSHOREMEN'S ASSOCATION,

    *Defendant*.

No. 19-cv-02235-SB

Jesse S. Wenger, David C. Weiss, U.S. ATTORNEY'S OFFICE, Wilmington, Delaware.

    *Counsel for Plaintiff.*

Lance M. Geren, O'DONOGHUE & O'DONOGHUE, LLP, New Castle, Delaware.

    *Counsel for Defendant.*

**MEMORANDUM OPINION**

July 1, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Local 1694 says that it is unfair to make it hold an election on July 12. But none of its arguments are convincing and the election process is underway. So I deny the union's motion to change the date.

Local 1694 held an election in May 2019. D.I. 1, ¶ 1. Multiple union members protested the election, claiming that they were improperly disqualified from running for office. *Id.* ¶¶ 9–11. The Secretary of Labor investigated and found probable cause that the union violated the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 481–83, and that the errors may have affected the electoral results. *Id.* ¶ 43. So he sued, seeking a judgment voiding the results and ordering a new election under his supervision. *Id.* at 8. On May 13, 2021, I granted his motion for summary judgment. D.I. 43, ¶ 1. And I directed the union to conduct the new election no later than sixty days from the issuance of the order. *Id.* ¶ 3.

The union now moves to amend that order. D.I. 44. It complains that holding the election on the July 12 deadline would be difficult. D.I. 45, at 3–4. So it asks that I instead order the Secretary to supervise the union's next regularly-scheduled election, likely to be held in December.

A motion to amend the court's judgment under Rule 59(e) must rely on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013). The union claims that requiring it to hold the July election would be manifestly unjust. D.I. 45, at 3; D.I. 47, at 3. First, it notes the

challenges posed by the COVID-19 pandemic. Next, it explains that it is in the process of amending its bylaws to move its regularly-scheduled election from May to December. If the July election goes forward, then, it will be forced to hold multiple elections in a short time span. Finally, it points out that in March, it merged with another union and gained new members. It has not yet determined the eligibility of these new members to vote in elections and run for office. Thus it fears that the July election results will be challenged.

While it may be inconvenient for the union to hold the July election, it is not unjust. The Department of Labor has worked with the union to craft proper pandemic-related protocols. D.I. 46, at 3–4. The bylaw amendment has not yet passed, so the December election remains just a possibility. And though the union has known since March about the influx of new members—before I ruled on the Secretary's motion—it did not raise the issue until June. In its summary-judgment motion, the Secretary proposed a sixty-day deadline for a new election. D.I. 33, at 27. The union could have protested that proposed deadline in its briefing, but it did not.

The election process is well underway. *See* D.I. 46, Ex. 2, at 10–11. I will not disturb it now. I expect the union to do its best to determine the eligibility of the new members and to document its efforts to preempt the feared election challenges.

I deny the union's motion to amend.